## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

*In re Benefits Partner, LLC*
*d/b/a Salus Group Litigation*

Case No. 2:25-cv-11108-LVP-APP

Hon. Linda V. Parker, U.S.D.J.

Hon. Mag. Judge Anthony P. Patti, U.S.M.J.

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Benefits Partner, LLC d/b/a Salus Group ("Salus Group") respectfully moves this Court to dismiss Plaintiffs Janine Orosco, Arthur Wagner, Preston Tilger, and John Stacho's ("Plaintiffs") Consolidated Class Action Complaint ("Complaint") because Plaintiffs lack standing to bring their claims and fail to allege sufficient facts to plausibly state a claim for relief.

Pursuant to Local Rule 7.1, Salus Group's counsel conferred with Plaintiffs' counsel and explained the nature of this motion and its legal basis and requested, but did not obtain, full concurrence in the relief sought (Plaintiffs agreed to withdraw their negligence *per se* claim without prejudice).

For these reasons, and for those set forth in more detail in the accompanying brief in support, the Complaint should be dismissed in its entirety, with prejudice.

Dated: July 31, 2025

Respectfully submitted,

*s/ Eric R. Fish*

Eric R. Fish
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
efish@bakerlaw.com

Katherine L. Pullen (P74511)
WARNER NORCROSS + JUDD LLP
2715 Woodward Avenue, Suite 300
Detroit, MI 48201
Telephone: (313) 546-6000
kpullen@wnj.com

*Attorneys for Defendant Benefits
Partner, LLC d/b/a Salus Group*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

*In re Benefits Partner, LLC*
*d/b/a Salus Group Litigation*

Case No. 2:25-cv-11108-LVP-APP

Hon. Linda V. Parker, U.S.D.J.

Hon. Mag. Judge Anthony P. Patti, U.S.M.J.

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

## **TABLE OF CONTENTS**

Statement of Issues Presented .................................................................................... ii

Controlling or Most Appropriate Authority.............................................................v

Table of Authorities ................................................................................................ vii

INTRODUCTION ......................................................................................................1

PLAINTIFFS' ALLEGATIONS AND FACTUAL BACKGROUND....................3

LEGAL STANDARD.................................................................................................5

    I.    Motion to Dismiss for Lack of Subject Matter Jurisdiction ................5

    II.    Motion to Dismiss for Failure to State a Claim ....................................6

ARGUMENT ..............................................................................................................6

    I.    Plaintiffs Fail to Plead an Article III Injury-in-Fact That is Fairly
        Traceable to the Incident ........................................................................6

        A.    Plaintiffs Fail to Allege an Imminent Injury..............................7

        B.    Spam Texts, Phone Calls, and Emails Do Not Confer
                Standing ....................................................................................10

        C.    Plaintiffs Other Alleged Harms Do Not Confer Standing........11

    II.    Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted.15

        A.    Plaintiffs Fail to Allege Cognizable Losses..............................15

        B.    Negligence and Negligence *Per Se*...........................................16

        C.    Contract Claims.........................................................................17

        D.    Unjust Enrichment ....................................................................21

        E.    Breach of Fiduciary Duty..........................................................22

        F.    Invasion of Privacy ...................................................................23

        G.    Declaratory Judgment ...............................................................24

CONCLUSION .........................................................................................................25

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Should Plaintiffs' Consolidated Class Action Complaint ("Complaint") be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs have not plausibly alleged an injury-in-fact that is fairly traceable to the incident?

**Defendant's Answer: Yes**

2.      Should Plaintiffs' tort and contract claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have not sufficiently alleged damages?

**Defendant's Answer: Yes**

3.      Should Plaintiffs' negligence and negligence *per se* claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that Plaintiffs have not sufficiently alleged causation and because negligence *per se* is not an independent cause of action?

**Defendant's Answer: Yes**

4.      Should Plaintiffs' breach of contract claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that Plaintiffs have not sufficiently alleged either a meeting of the minds or consideration?

**Defendant's Answer: Yes**

5.      Should Plaintiffs' third-party beneficiary contract claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that Plaintiffs failed to provide adequate notice of the contractual terms that were purportedly breached or that Plaintiffs were intended beneficiaries of any agreement?

**Defendant's Answer: Yes**

6.      Should Plaintiffs' unjust enrichment claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that Plaintiffs failed to allege any monetary benefit to Defendant?

**Defendant's Answer: Yes**

7.      Should Plaintiffs' fiduciary duty claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that there is no fiduciary relationship between Plaintiffs and Defendant?

**Defendant's Answer: Yes**

8.      Should Plaintiffs' invasion of privacy claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reason that Defendant did not act intentionally and Plaintiffs fail to allege other cognizable privacy claims?

**Defendant's Answer: Yes**

9.      Should Plaintiffs' declaratory judgment claim be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because there is no imminent threat and it is not an independent cause of action?

**Defendant's Answer: Yes**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

### Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

- *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384 (6th Cir. 2016); *Doe v. Mission Essential Group, LLC*, No. 2:23-cv-3365, 2024 WL 3877530 (S.D. Ohio Aug. 20, 2024); *Sifuentes v. Pluto TV*, No. 1:23-CV-1013, 2023 WL 7319434 (W.D. Mich. Nov. 7, 2023).

### Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### Lack of Cognizable Injury

- *In re Flagstar December 2021 Data Security Incident Litigation*, No. 22-cv-11385, 2024 WL 5659583 (E.D. Mich., Sept. 30, 2024); *Lochridge v. Quality Temporary Services, Inc.*, WL 4303577 (E.D. Mich. 2023).

#### Negligence and Negligence Per Se

- *Hill v. Sears, Roebuck and Co.*, 822 N.W.2d 190 (Mich. 2012); *Abnet v. Coca-Cola Co.,* 786 F. Supp. 2d 1341 (W.D. Mich. 2011).

#### Contract Claims

- *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814 (E.D. Mich. 2020); *Johnson v. Doodson Ins. Brokerage of Tex., LLC*, 1 F. Supp. 3d 776 (E.D. Mich. 2014), *aff'd sub nom. Johnson v. Doodson Ins. Brokerage, LLC*, 793 F.3d 674 (6th Cir. 2015).

#### Unjust Enrichment

- *Lochridge v. Quality Temporary Services, Inc.*, WL 4303577 (E.D. Mich. 2023); *In re Flagstar December 2021 Data Security Incident Litigation*, No. 22-cv-11385, 2024 WL 5659583 (E.D. Mich., Sept. 30, 2024).

#### Breach of Fiduciary Duty

- *Portage Aluminum Co. v. Kentwood Nat. Bank*, 307 N.W.2d 761 (Mich. Ct. App. 1981); *McKenzie v. Allconnect, Inc.,* 369 F. Supp. 3d 810 (E.D. Ky. 2019).

***Invasion of Privacy***

- *Doe v. Henry Ford Health Sys.*, 865 N.W.2d 915 (Mich. Ct. App. 2014); *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct, App. 1995).

***Declaratory Judgment***

- *Lochridge v. Quality Temporary Services, Inc.*, WL 4303577 (E.D. Mich. 2023); *Hicks v. PHH Mortg. Corp., Inc.*, No. 1:23-CV-356, 2023 WL 8455139 (S.D. Ohio Dec. 6, 2023), *report and recommendation adopted*, No. 1:23-CV-356, 2024 WL 193653 (S.D. Ohio Jan. 18, 2024).

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abnet v. Coca-Cola Co.,*
   786 F. Supp. 2d 1341 (W.D. Mich. 2011).....................................................17

*Allard v. Mich. House of Representatives*,
   200 F. Supp. 3d 703 (W.D. Mich. 2016)......................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................6

*Atl. Marine Const Co. v. U.S. Dist. Ct. For W. Dist. Of Texas*,
   571 U.S. 49 (2013)...........................................................................15

*Attias v. CareFirst, Inc.*,
   365 F. Supp. 3d 1 (D.D.C. 2019)........................................................ 16, 23

*Bank of Am., NA v. First Am. Title Ins*.,
   878 N.W.2d 816 (Mich. 2016) ................................................................18

*Barber v. SMH (US), Inc*.,
   509 N.W.2d 791 (Mich. Ct. App. 1993)......................................................21

*Baron v. Syniverse Corp.,*
   No. 8:21-CV-2349-SCB-SPF, 2022 WL 6162696 (M.D. Fla. Oct. 7, 2022)13

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................... 6, 20

*Brickman v. Maximus, Inc.*,
   No. 2:21-CV-3822, 2022 WL 16836186 (S.D. Ohio May 2, 2022) ..............8

*Brush v. Miami Beach Healthcare Grp. Ltd*.,
   238 F. Supp. 3d 1359 (S.D. Fla. 2017)......................................................19

*Buchholz v. Meyer Njus Tanick, PA*,
   946 F.3d 855 (6th Cir. 2020 .................................................................12

*Casden v. Burns*,
   306 F. App'x 966 (6th Cir. 2009).............................................................6

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013)...........................................................................7

*Cooper v. Bonobos, Inc.*,
   No. 21-cv-854, 2022 WL 170622 (S.D.N.Y. Jan. 19, 2022) .......................10

*Craighead v. E.F. Hutton & Co*.,
   899 F.2d 485 (6th Cir. 1990) ..................................................................6

*Dickson v. Direct Energy, LP*,
    69 F.4th 338 (6th Cir. 2023) ..........................................................................24

*Doe v. Henry Ford Health Sys*.,
    865 N.W.2d 915 (Mich. Ct. App. 2014)................................................ 15, 23

*Doe v. Mills*,
    536 N.W.2d 824 (Mich. Ct. App. 1995)…………………………………….24

*Doe v. Mission Essential Group*, LLC,
    No. 2:23-cv-3365, 2024 WL 3877530 (S.D. Ohio Aug. 20, 2024) 8, 9, 11, 12

*Emergency Dep't Physicians P.C. v. United Healthcare, Inc*.,
    507 F. Supp. 3d 814 (E.D. Mich. 2020) ........................................................18

*Featherston v. Steinhoff*,
    575 N.W.2d 6 (Mich. Ct. App. 1997)............................................................18

*Foster v. Health Recovery Servs., Inc.*,
    493 F. Supp. 3d 622 (S.D. Ohio 2020)............................................................9

*Galaria v. Nationwide Mut. Ins. Co.*,
    663 F. App'x 384 (6th Cir. 2016)...................................................... 7, 8, 9

*Gordon v. Chipotle Mexican Grill, Inc.*,
    344 F. Supp. 3d 1231 (D. Colo. 2018) ..........................................................13

*Gorski v. Ascension St. John Hosp.*,
    725 F. Supp. 3d 718 (E.D. Mich. 2024) .........................................................2

*Guy v. Convergent Outsourcing, Inc.*,
    No. C22-1558 MJP, 2023 WL 4637318 (W.D. Wash. July 20, 2023) .........19

*Haliw v. Sterling Heights*,
    627 N.W.2d 581 (Mich. 2001) ......................................................................17

*Hardin v. Bank of Am., N.A*.,
    No. 2:22-cv-10023, 2022 WL 3568568 (E.D. Mich. Aug. 18, 2022)...........17

*Hill v. Sears, Roebuck and Co.*,
    822 N.W.2d 190 (Mich. 2012) ......................................................................16

*Holmes v. Countrywide Financial Corp.*,
    No. 5:08–cv–00205–R, 2012 WL 2873892 (W.D. Ky. July 12, 2012) ........10

*In re Banner Health Data Breach Litig*.,
    No. CV-16-02696, 2017 WL 6763548 (D. Ariz. Dec. 20, 2017) ................19

*In re Flagstar December 2021 Data Security Incident Litigation*,
    No. 22-cv-11385, 2024 WL 5659583 (E.D. Mich. Sept. 30, 2024)....... 15, 22

*In re Numotion Data Incident Litig.*,
    No. 3:24-cv-00545, 2025 WL 57712 (M.D. Tenn. Jan. 9, 2025)..................12

*In re SuperValu, Inc.*,
    870 F.3d 763 (8th Cir. 2017) ........................................................................11

*Johnson v. Doodson Ins. Brokerage of Tex., LLC*,
    1 F. Supp. 3d 776 (E.D. Mich. 2014) ..........................................................20

*Kingen v. Warner Norcross + Judd LLP*,
    No. 1:22-cv-1126, 2023 WL 11960672 (W.D. Mich. 2023) ..........................8

*Lochridge v. Quality Temporary Services, Inc.*,
    No. 22-cv-12086, 2023 WL 4303577 (E.D. Mich. June 30, 2023)….. *passim*

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................... 7, 11

*Mallory v. City of Detroit*,
    449 N.W.2d 115 (Mich. Ct. App. 1989)......................................................18

*Marlin v. Associated Materials, LLC*,
    No. 5:23CV1621, 2024 WL 2319115 (N.D. Ohio May 22, 2024) ................8

*McCombs v. Delta Group Elecs., Inc.*,
    No. 1:22-cv-662, 2023 WL 3934666 (D.N.M. June 9, 2023) ............... 10, 14

*McKenzie v. Allconnect, Inc.*,
    369 F. Supp. 3d 810 (E.D. Ky. 2019)..........................................................23

*Moir v. Cleveland Reg'l Transit Auth.*,
    895 F.2d 266 (6th Cir. 1990). ........................................................................5

*Morris Pumps v. Centerline Piping, Inc.*,
    729 N.W.2d 898 (Mich. Ct. App. 2006)......................................................21

*Perdue v. Hy-Vee, Inc.*,
    455 F. Supp. 3d 749 (C.D. Ill. 2020)...........................................................21

*Portage Aluminum Co. v. Kentwood Nat. Bank*,
    307 N.W.2d 761 (Mich. Ct. App. 1981)......................................................23

*Rakyta v. Munson Healthcare*,
    No. 354831, 2021 WL 4808339 (Mich. Ct. App. Oct. 14, 2021) ................15

*Rote v. Zel Custom Mfg. LLC*,
    816 F.3d 383 (6th Cir. 2016) ........................................................................5

*Saginaw Cnty., Mich. v. STAT Emergency Med. Servs., Inc.*,
    946 F.3d 951 (6th Cir. 2020) ................................................................ 24, 25

*Shepherd v. Cancer & Hematology Ctrs. of W. Mich.*,
    No. 1:22-cv-734, 2023 WL 4056342 (W.D. Mich. Feb. 28, 2023) ..............12
*Sifuentes v. Pluto TV*,
    No. 1:23-CV-1013, 2023 WL 7319434 (W.D. Mich. Nov. 7, 2023)....... 9, 13
*Stein v. HHGREGG, Inc.*,
    873 F.3d 523 (6th Cir. 2017) ...........................................................................2
*Tate v. EyeMed Vision Care, LLC*,
    No. 1:21-cv-36, 2023 WL 6383467  (S.D. Ohio Sept. 29, 2023) .......... 11, 13
*Taylor v. UKG, Inc.*,
    693 F. Supp. 3d 87 (D. Mass. 2023)...............................................................14
*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021).......................................................................... 5, 6, 7, 8
*United States v. Ritchie*,
    15 F.3d 592 (6th Cir. 1994) .............................................................................5
*Willingham v. Glob. Payments, Inc.*,
    No. 1:12–CV–01157–RWS, 2013 WL 440702 (N.D. Ga. Feb. 5, 2013) .....21
*Yerkovich v. AAA*,
    610 N.W.2d 542 (Mich. 2000) .......................................................................19

**Constitutional Provisions**
Const. art. III, § 2, cl. 1 ...................................................................................5

**Rules of Civil Procedure**
Fed. R. Civ. P. 12(b)(1)...................................................................................5
Fed. R. Civ. P. 12(b)(6)...................................................................................6

## **INTRODUCTION**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Benefits Partner, LLC d/b/a Salus Group ("Salus Group") respectfully moves this Court to dismiss Plaintiffs Janine Orosco, Arthur Wagner, Preston Tilger, and John Stacho's ("Plaintiffs") Consolidated Class Action Complaint ("Complaint") in its entirety, with prejudice.

Class action lawsuits are frequently filed after notices of data security incidents are sent, regardless of the facts and circumstances at issue. This consolidated case is no exception. Salus Group is an independent insurance agency that provides insurance brokerage and consulting services. Salus Group learned of suspicious activity in *one employee's* email account and immediately launched an investigation that revealed unauthorized access to the account for a portion of one single day. However, the investigation was unable to determine which emails, *if any*, were *viewed* by a criminal hacker. As a precautionary measure and out of an abundance of caution, however, Salus Group notified everyone whose personal information was found in the affected employee email account. Significantly, Salus Group's letters notifying Plaintiffs of the incident, attached as Exhibits A to D to the Complaint ("Notice Letter"), *did not indicate any evidence* that personal information was exfiltrated or otherwise misused. Plaintiffs selectively ignore these pertinent statements from the Notice Letter in the body of the Complaint, but the court may

1

rely on such statements for purposes of this Motion to Dismiss. *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017); *Gorski v. Ascension St. John Hosp.*, 725 F. Supp. 3d 718, 722 (E.D. Mich. 2024).

Given these underlying facts, it is unsurprising that *no Plaintiff alleges any actual harm* that is fairly traceable to the incident. Plaintiff Wagner alleges no specific harms, while Plaintiffs Orosco, Stacho and Tilger merely allege an increase in spam phone calls, text messages, and/or email—something that many of us have experienced in recent times. Even if an increase in spam was a cognizable harm (it is not), the data set at issue contained neither phone numbers nor email addresses. Accordingly, Plaintiffs fail to plead any plausible facts to support their speculative harm for Article III standing purposes.

Even if Plaintiffs could plead an injury for standing purposes, they fail to state viable claims for relief. Plaintiffs' tort and contract claims fail because Plaintiffs have not alleged damages. In addition, Plaintiffs' negligence claims fail for lack of causation and because negligence *per se* is not an independent cause of action. Plaintiffs' breach of implied contract claim fails because there is neither a meeting of the minds nor consideration. Plaintiffs' third-party beneficiary contract claim should be dismissed for failure to provide adequate notice of the contractual terms that were purportedly breached or that plaintiffs were intended beneficiaries of any agreement. Plaintiffs' unjust enrichment claim should be dismissed for failure to

allege any monetary benefit to Salus Group. Plaintiffs' breach of fiduciary duty claim fails because there is no fiduciary duty between the parties. Their invasion of privacy claim fails because Salus Group did not act intentionally. And finally, Plaintiffs' declaratory judgment claim should be dismissed because there is no imminent threat, and it is not an independent cause of action.

## **PLAINTIFFS' ALLEGATIONS AND FACTUAL BACKGROUND**

On October 9, 2025, Salus Group identified suspicious activity in one employee's email account. Compl. ¶ 3 & Exs. A-D, PageID.119, 234-241. It immediately disabled the account, reset the employee's password and began an investigation with the assistance of a third-party forensic firm. *Id.* Through the investigation, Salus Group determined that there was unauthorized access to the account for a period of time on October 9, 2024. *Id.* The investigation could not determine whether any emails were actually viewed—and did not indicate that any personal data was extracted. *See* Compl. Exs. A-D, PageID.234-241.

Out of an abundance of caution, on March 27, 2025, Salus Group began notifying individuals whose personal information was found in the email account. *Id.* This information differed by person, but could have included names, Social Security numbers, dates of birth, driver's license numbers, financial account information, health insurance information or treatment information. Compl. ¶ 10, PageID.121; *see also id.* at Ex. A, PageID.235 (Stacho alleges name, date of birth,

Social Security number, health information, and/or clinical treatment information); *id.* at Ex. B, PageID.237 (Wagner alleges name, date of birth, Social Security number, and/or health information); *id.* at Ex. C, PageID.239 (Orosco alleges name, date of birth and Social Security number); *id.* at Ex. D, PageID.241 (Tilger alleges name, date of birth and Social Security number).

While all four Plaintiffs allege they received the Notice Letter, no Plaintiff has alleged any *actual* harm resulting from the incident. Plaintiff Wagner does not allege any specific harms at all. Compl. ¶¶ 262-78, PageID.199-202. And though Plaintiffs Orosco, Stacho and Tilger allege receiving spam phone calls, text messages, and/or email, *id.* ¶¶ 233, 243, 257, PageID.192, 194, 198, Plaintiffs notably do not allege that phone number or email address was included in the data set. Plaintiffs also allege generic harms that purportedly impacted them and the class, including (a) lost time and money; (b) lost privacy; (c) lost benefit of the bargain; (d) emotional distress; (e) increased risk of fraud or identity theft; (f) diminution in the value of their information; and (g) "other economic and non-economic harm." *Id.* ¶¶ 234, 247, 261, 278, PageID.192, 195-96, 198-99, 202.

Based on these allegations, Plaintiffs assert eight causes of action: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) unjust enrichment; (5) breach of fiduciary duty; (6) breach of third-party beneficiary

contract; (7) invasion of privacy; and (8) declaratory judgment. *Id.*, ¶¶ 297-400, PageID.209-229.

## LEGAL STANDARD

### I.       Motion to Dismiss for Lack of Subject Matter Jurisdiction

In reviewing a Rule 12(b)(1) motion, the Court must determine whether subject-matter jurisdiction exists. *See Moir v. Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Relevant here, a facial attack is a challenge to the sufficiency of the pleading itself." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

Here, Salus Group moves for lack of subject matter jurisdiction based on Article III standing. Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." Const. art. III, § 2, cl. 1. "[S]tanding is not dispensed in gross." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Thus, each plaintiff must demonstrate he or she has standing, and "every class member must have Article III standing in order to recover individual damages." *Id.*

## II.   Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), plaintiffs must allege grounds entitling them to relief, which requires "'more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action.' The '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to prevail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). While courts accept the facts of a complaint as true, they may disregard "naked assertions" of fact or "formulaic recitations of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. Dismissal is proper when the complaint fails to allege facts necessary to satisfy each element of a cause of action. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 490 (6th Cir. 1990).

## **ARGUMENT**

## I.   Plaintiffs Fail to Plead an Article III Injury-in-Fact That is Fairly Traceable to the Incident

To establish a case or controversy, each plaintiff "must have a 'personal stake' in the case—in other words, standing." *TransUnion*, 594 U.S. at 423. To allege standing, each plaintiff must show: (1) she suffered an injury-in-fact, (2) injury was likely caused by the defendant, and (3) a favorable outcome by the court would likely

6

furnish redressability for relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

This Court should dismiss the Amended Complaint for lack of standing because Plaintiffs do not plausibly allege an injury-in-fact that is traceable to the incident or Defendant's conduct.

### A.    Plaintiffs Fail to Allege an Imminent Injury

Plaintiffs here do not allege any out-of-pocket injury. Instead, a large part of their allegations consist of fear of imminent injury. "Where plaintiffs seek to establish standing based on an imminent injury, the Supreme Court has explained 'that 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient.'" *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 388 (6th Cir. 2016) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401-02, 409 (2013)). Since the Sixth Circuit's decision in *Galaria*, the Supreme Court expounded on whether a plaintiff's allegations of risk of future harm are sufficient to confer standing in the informational injury context. In *TransUnion*, which asserted violations of the Fair Credit Reporting Act, plaintiffs tried to establish standing based on an alleged fear of future harm—specifically, that credit reports containing inaccurate personal information may at some point be distributed to a third-party at some unknown time in the future. *See* 594 U.S. at 435-36. The Supreme Court rejected this contention,

stating succinctly: "[n]o concrete harm, no standing." *Id*. at 442. The plaintiffs "did not demonstrate that the risk of future harm materialized" or "that the[y] . . .were independently harmed by their exposure to the risk itself." *Id*. at 415.

Since *TransUnion*, a number of courts in the Sixth Circuit have recognized that the Supreme Court's decision "casts some doubt on the continued viability of *Galaria*," which found standing based on substantial risk of harm allegations coupled with reasonably incurred mitigation costs where a data breach targeted personal information. *See, e.g., Brickman v. Maximus, Inc.*, No. 2:21-CV-3822, 2022 WL 16836186, at *4 (S.D. Ohio May 2, 2022); *Kingen v. Warner Norcross + Judd LLP*, No. 1:22-cv-1126, 2023 WL 11960672, at *2 (W.D. Mich. 2023); *Marlin v. Associated Materials, LLC*, No. 5:23CV1621, 2024 WL 2319115, at *4 (N.D. Ohio May 22, 2024). Even if *Galaria* remains viable, the case of *Doe v. Mission Essential Group, LLC* is instructive in that it distinguished *Galaria* and took a closer look at what suffices for pleading an Article III injury for standing in the data breach context.  *See* No. 2:23-cv-3365, 2024 WL 3877530 (S.D. Ohio Aug. 20, 2024).

In *Mission*, though the defendant was "unaware of any actual or attempted misuse" of personal information, it notified individuals of the data breach "out of an abundance of caution" *Id*. at *1. After receiving notice of the data breach, plaintiff brought suit alleging substantially the same claims and general injury theories that Plaintiffs allege in this case. *Id.* at *2. The court rejected these injury theories,

8

finding that "[w]ithout sufficient allegations of an actual data breach or unauthorized access, Plaintiff has not alleged a substantial risk of future harm." *Id.* at *4; *see also Sifuentes v. Pluto TV*, No. 1:23-CV-1013, 2023 WL 7319434, at *1 (W.D. Mich. Nov. 7, 2023) ("In *Galaria*, the plaintiffs alleged that their data had been stolen and was [ ] in the hands of ill-intentioned criminals. . . But Plaintiff makes no such allegation here. Instead, he simply claims the existence of a breach of Defendant's firewall and from that speculates a parade of horribles."); *Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 632 (S.D. Ohio 2020) ("[T]he mere allegation of a risk of harm based on a data breach, without evidence of data theft or that the intruder accessed Plaintiff's specific information, is insufficient to state an 'imminent' injury for purposes of Article III standing.")).

Likewise, here, Plaintiffs cannot allege that their personal information was actually viewed. Indeed, the Notice Letter indicates that Salus Group was unable to determine which emails—if any—were actually viewed by the criminal hacker. Compl. Exs. A-D, PageID.234-241. Nor was there any indication that any personal data was extracted, or that any misuse occurred as a result of the incident. *Id.* Rather, the Notice Letter was sent "[a]s a precaution." *Id.* Accordingly, Plaintiffs' Complaint suffers from the same fatal defect as *Mission* and should be dismissed.

### B.   Spam Texts, Phone Calls, and Emails Do Not Confer Standing

Plaintiffs Orosco, Stacho and Tilger cannot overcome their failure to plead actual or imminent injury by alleging that they experienced spam texts, phone calls, and emails. *See* Compl. ¶¶ 233, 243, 257, PageID.192, 194, 198.

Courts have held that the receipt of spam calls, texts and emails do not qualify as an Article III injury. *See, e.g.*, *Holmes v. Countrywide Financial Corp.*, No. 5:08–cv–00205–R, 2012 WL 2873892, at *11 (W.D. Ky. July 12, 2012) ("[T[he annoyance of unwanted telephone calls cannot form the basis of an injury."); *McCombs v. Delta Group Elecs., Inc.*, No. 1:22-cv-662, 2023 WL 3934666, at *6 (D.N.M. June 9, 2023) ("Spam calls, texts and e-mails have become very common in this digitized world, and a number of courts have declined to confer standing when considering an increase in spam communications."); *Cooper v. Bonobos, Inc.*, No. 21-cv-854, 2022 WL 170622, at *5 (S.D.N.Y. Jan. 19, 2022) (dismissing data breach case for lack of standing and noting courts "have generally rejected the theory that unsolicited calls or emails constitute an injury in fact").

But even if the spam calls could constitute an actual injury, Plaintiffs do not allege that phone numbers or email addresses were part of the data set. *See* Compl ¶ 10, Exs. A-D, PageID.121, 234-241. Plaintiff Tilger attempts to plead around this fact by alleging *"[o]n information and belief,* [his] phone number was also compromised as a result of the Data Breach." Compl. ¶ 258, PageID.198 (emphasis

10

added). This allegation, however, contradicts other allegations in the Complaint that only his "full name, address, date of birth and Social Security number" were impacted. *Id.* ¶ 251 & Ex. D, PageID.196-97, 241 (listing only name, date of birth and Social Security number). Nor does Plaintiff Tilger allege that his phone number was provided to Salus Group for hackers to obtain it. *Id.* ¶¶ 248-61, PageID.196-99.

Thus, any alleged spam phone calls, texts or emails are not fairly traceable to the incident. *See, e.g.*, *Mission*, 2024 WL 3877530, at *7 (finding plaintiff failed to plausibly allege fraudulent emails were fairly traceable to the data incident because he did not allege his email address was accessed by hackers); *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017) (fairly traceable injuries exist when plaintiffs show "a causal connection between the injury and the conduct complained of that is not . . . th[e] result [of] the independent action of some third party not before the court"); *accord Lujan*, 504 U.S. at 560; *but see Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-36, 2023 WL 6383467, at *5-6 (S.D. Ohio Sept. 29, 2023) (finding spam calls "barely" met the bar for standing because, even though the injury is "one needle in the standing haystack," the information also being found on the dark web created a "reasonable inference" that the calls may have resulted from the incident).

### C.   Plaintiffs Other Alleged Harms Do Not Confer Standing

Likewise, the other general injuries ascribed to Plaintiffs and the putative class are insufficient to plausibly allege Article III standing.

***Alleged Mitigation Efforts.*** Plaintiffs' speculative and undefined "out-of-pocket expenses" and "financial losses" are routinely rejected by courts in this Circuit. *See In re Numotion Data Incident Litig.*, No. 3:24-cv-00545, 2025 WL 57712, at *3 (M.D. Tenn. Jan. 9, 2025) ("[T]he named plaintiffs themselves do not allege that they personally. . . incurred out-of-pocket expenses in dealing with the threat of identity theft."); *see also Mission*, 2024 WL 3877530, at *6 (finding that plaintiff's theory of injury regarding lost time and effort were conclusory at best, and that "[i]f Plaintiff experienced lost time and effort, he did so trying to combat a speculative, potentially nonexistent threat").

Plaintiffs' unquantified and conclusory allegations of lost time fare no better. As courts in this Circuit have recognized, self-imposed efforts to mitigate risk do not create standing. *See Shepherd v. Cancer & Hematology Ctrs. of W. Mich.*, No. 1:22-cv-734, 2023 WL 4056342, at *6 (W.D. Mich. Feb. 28, 2023) (finding plaintiff's choice to spend time and money mitigating risk of identity theft was a harm she caused to herself and noting that "[a] self-inflicted injury, by definition, is not traceable to anyone but the plaintiff.") (quoting *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020)).

***Alleged Loss of Privacy.*** Plaintiffs' generic assertion that their privacy was violated because their information was "targeted, accessed, and misused," is belied by the Notice Letter, which states the investigation could not determine whether any

individual's information was accessed. Compl. Exs. A-D, PageID.234-241. Even if the Court were to consider Plaintiffs' speculative claims regarding loss of privacy, courts in this Circuit have rejected such theories as insufficient. *See Tate*, 2023 WL 6383467, at *4 (finding "an intangible violation of privacy" is not a cognizable injury where the plaintiff cannot show actual misuse or exposure of information).

***Alleged Loss of Benefit of the Bargain.*** Courts have rejected Plaintiffs' "benefit of the bargain" theory of injury in the data breach context, especially where, as here, plaintiffs fail to plausibly allege that data security was a term of any transaction. *See Tate*, 2023 WL 6383467, at *5; *Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018) ( "Plaintiffs' contorted 'would not have shopped' theory does not change this elementary analysis: Plaintiffs paid for burritos; Plaintiffs received burritos."). Moreover, there was no "bargain" involved here, as Plaintiffs did not purchase any goods or services from Salus Group. As the Notice Letter indicates, Salus Group received the information from Plaintiffs' employers and/or insurance carriers. Compl. Exs. A-D, PageID.234-241.

***Alleged Emotional Distress.*** Plaintiffs' blanket allegations of emotional distress, anxiety and frustration are insufficient to plausibly allege an injury-in-fact. *See, e.g., Sifuentes*, 2025 WL 756737, at *2 (conclusory allegations of emotional distress were insufficient to allege standing); *Baron v. Syniverse Corp.,* No. 8:21-CV-2349-SCB-SPF, 2022 WL 6162696, at *7 (M.D. Fla. Oct. 7, 2022) (such

13

allegations are "too conclusory" to confer standing in a data breach case); *McCombs*, 2023 WL 3934666, at *6-7 (no standing based on lost time, "anxiety and increased concerns for the loss of privacy" in data breach case).

**Alleged Diminution in Value of Information.** Plaintiffs' bald assertion that the value of their personal information has diminished because of the incident are insufficient. Courts consistently reject the diminution in value theory where, as here, plaintiffs do not allege that they sold or attempted to sell their personal information, or that the incident forced them to accept a decreased price for that information. *Lochridge v. Quality Temporary Services, Inc.*, No. 22-cv-12086, 2023 WL 4303577, at *4 (E.D. Mich. June 30, 2023) (rejecting diminution-in-value theory where plaintiff made no attempt to sell their PII or demonstrate any market impact); *Taylor v. UKG, Inc.*, 693 F. Supp. 3d 87, 101 (D. Mass. 2023) (rejecting diminution of personal information as cognizable injury where plaintiffs "have not alleged that they attempted to sell their personal information or that, if they have, the data breach forced them to accept a decreased price for that information").

Accordingly, the Complaint should be dismissed for lack of standing because Plaintiffs present no plausible allegations that they have suffered an injury-in-fact that is fairly traceable to the incident.

14

## II.      Plaintiffs Fail to State a Claim Upon Which Relief Can Be Granted

Should this Court find one or more Plaintiffs sufficiently pleads standing, the

Complaint should still be dismissed for failure to state a claim for relief.[1]

### A.      Plaintiffs Fail to Allege Cognizable Losses

Plaintiffs' tort and contract claims should be dismissed for failure to allege

any cognizable injury. *In re Flagstar December 2021 Data Security Incident*

*Litigation*, No. 22-cv-11385, 2024 WL 5659583, at *11 (E.D. Mich. Sept. 30, 2024)

(dismissing plaintiffs' negligence claim for failure to allege a cognizable injury);

*Lochridge*, 2023 WL 4303577, at *6 ("Michigan law has recognized that 'damages

'incurred in anticipation of possible future injury rather than in response to present

injuries,' are not cognizable under Michigan law" for negligence or breach of

contract) (citing *Doe v. Henry Ford Health Sys.*, 865 N.W.2d 915, 921 (Mich. Ct.

App. 2014)); *Rakyta v. Munson Healthcare*, No. 354831, 2021 WL 4808339, at *6

(Mich. Ct. App. Oct. 14, 2021) (affirming dismissal of invasion of privacy claim for

failure to plead cognizable damages).

To sustain these claims, Plaintiffs must plead a cognizable loss or injury

suffered as a result of Salus Group's conduct. Significantly, "the standard for

---

[1] A "federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const Co. v. U.S. Dist. Ct. For W. Dist. Of Texas*, 571 U.S. 49, 65 (2013). Thus, as the events giving rise to this lawsuit occurred in Michigan, the Court must look to Michigan common law.

alleging actual damages is generally higher than that for plausibly alleging injury in fact" for standing purposes. *Attias v. CareFirst, Inc.*, 365 F. Supp. 3d 1, 13 (D.D.C. 2019), *appeal dismissed*, 969 F.3d 412 (D.C. Cir. 2020), *and on reconsideration in part*, No. 15-CV-00882, 2021 WL 311000 (D.D.C. Jan. 29, 2021). Because Plaintiffs do not meet the decidedly lower bar for pleading an injury-in-fact for standing, they also do not plausibly plead a cognizable loss to sustain any of their claims for damages.  They simply do not allege any actual losses arising out of the incident.

Thus, Plaintiffs negligence, negligence *per se*, breach of implied contract, breach of third-party beneficiary contract, unjust enrichment, invasion of privacy, and breach of fiduciary duty claims must be dismissed.

## B.    Negligence and Negligence *Per Se*

To state a claim for negligence, a plaintiff must allege: (1) defendant owed plaintiff a legal duty, (2) defendant breached that legal duty, (3) plaintiff suffered damages, and (4) defendant's breach was the proximate cause of plaintiff's damages. *Hill v. Sears, Roebuck and Co.*, 822 N.W.2d 190, 195 (Mich. 2012).

The Complaint lacks sufficient allegations of causation and damages. As explained above, the Complaint fails to sufficiently plead any injury. Moreover, the Complaint fails to allege how Plaintiffs' purported injuries, in the form of spam calls, were proximately caused by Salus Group. Mere receipt of the Notice Letter— informing Plaintiffs of only potentially unauthorized access to their names, dates of

birth, Social Security numbers, health insurance information, and/or clinical or treatment information, but no misuse of phone numbers or email addresses—fails to plausibly plead the requisite causation. *See Haliw v. Sterling Heights*, 627 N.W.2d 581, 588 (Mich. 2001) ("Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct.").

Plaintiffs' negligence *per se* claim likewise fails because it is not an independent cause of action under Michigan law.[2] "The weight of Michigan authority supports [the] position that negligence per se is not an independent cause of action, but rather a burden-shifting mechanism within the theory of negligence." *Abnet v. Coca-Cola Co.,* 786 F. Supp. 2d 1341, 1345 (W.D. Mich. 2011). Statutory violations may support a *prima facie* case of negligence, "but Plaintiffs may not maintain a separate claim of negligence per se." *Id*.; *see also Hardin v. Bank of Am., N.A.*, No. 2:22-cv-10023, 2022 WL 3568568, at *6 (E.D. Mich. Aug. 18, 2022).

### C.   Contract Claims

#### 1.   Breach of Implied Contract

As discussed above, Plaintiffs' implied contract claim fails for lack of damages. Plaintiffs' claim also fails for two additional reasons: Plaintiffs have neither alleged a meeting of the minds, nor have they asserted adequate

---

[2] Plaintiffs agreed to withdraw their negligence *per se* claim without prejudice during the concurrence process, so we will not belabor this point.

consideration. Under Michigan law, to sustain a claim for breach of contract, plaintiffs must plead: "(1) a contract, (2) [d]efendant's breach of the contract, and (3) damages to [p]laintiffs caused by the breach." *Emergency Dep't Physicians P.C. v. United Healthcare, Inc.*, 507 F. Supp. 3d 814, 827-828 (E.D. Mich. 2020) (citing *Bank of Am., NA v. First Am. Title Ins.*, 878 N.W.2d 816, 830 (Mich. 2016)). When no explicit contract exists between the parties an implied contract may arise from "their conduct, language, or other circumstances attending to the transaction." *Featherston v. Steinhoff*, 575 N.W.2d 6, 9 (Mich. Ct. App. 1997). An implied contract must still "satisfy the elements of mutual assent and consideration." *Mallory v. City of Detroit*, 449 N.W.2d 115, 118 (Mich. Ct. App. 1989).

*First*, Plaintiffs fail to allege a meeting of the minds between themselves and Salus Group on any material facts. Instead, Plaintiffs allege that Salus Group "offered to provide services to Plaintiffs' 'third-party agents'," and "in exchange," Plaintiffs "entrusted [Salus Group] with their Private Information." Compl. ¶ 328, PageID.215. In turn, Plaintiffs allege that Salus Group "agreed it could not disclose the Private Information" to "unauthorized persons." *Id.* ¶ 329, PageID.215. Despite these conclusory allegations, Plaintiffs fail to allege any specific terms that constitute an implied contract. In fact, as the Notice Letter indicates, there was *no contract*, implied or otherwise, between Plaintiffs and Salus Group. Rather, any contract was between Plaintiffs' employers and/or insurance carriers and Salus Group. *See, e.g.,*

*Guy v. Convergent Outsourcing, Inc.*, No. C22-1558 MJP, 2023 WL 4637318, at *5-6 (W.D. Wash. July 20, 2023) (collecting cases and rejecting allegations that plaintiffs gave defendant "or its third-party agents" their information in exchange for services and formed an implied-in-fact contract because there was no "direct transfer of PII through an existing, direct consumer or employee relationship").

*Second*, Plaintiffs have not alleged consideration. This is because they cannot. Whatever consideration Salus Group received for holding Plaintiffs' personal information, if any, was not given to it by Plaintiffs. And even assuming *arguendo* that Plaintiffs could somehow allege they provided consideration for the contracts that existed between Salus Group and "third-party agents" (they cannot), Plaintiffs have not alleged any contractual promises that go above and beyond what is already required of Salus Group by law. *See Yerkovich v. AAA*, 610 N.W.2d 542, 546 (Mich. 2000) ("Under the preexisting duty rule, it is well settled that doing what one is legally bound to do is not consideration for a new promise."); *see also Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) (concluding defendant's privacy statements were not contractual in nature but simply informed patients instead inform patients of their rights under federal law, meaning defendant must abide by these requirements as a matter of law without receiving any consideration); *In re Banner Health Data Breach Litig.*, No. CV-16-02696-PHX-SRB, 2017 WL 6763548, at *4 (D. Ariz. Dec. 20, 2017) (dismissing

19

contract claim for lack of consideration because  "Defendant was already under a preexisting legal duty to protect Plaintiff's information").

## 2.  Breach of Third-Party Beneficiary Contract

Plaintiffs' third-party beneficiary contract claim must be dismissed for two additional reasons. *First*, the Complaint is devoid of the basic facts necessary to put Salus Group on notice of what contract (or contracts) it allegedly breached. The statement of a claim must sufficiently "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Yet Plaintiffs do not identify *any* actual contracts, or even specific parties relevant to the purported contracts. Instead, Plaintiffs vaguely allude to unspecified contracts, upon information and belief, with "its clients" to provide "employee benefit services" that included data security. Compl. ¶ 360, PageID.221. But these generic allegations are insufficient to give notice of any breach of contract claim.

*Second*, Plaintiffs fail to establish that they were the intended third-party beneficiaries of any unidentified contract. Third-party beneficiary claims must be dismissed absent allegations that a plaintiff was explicitly named in the relevant contract or the existence of some provision clearly inuring to plaintiff's benefit. *See Johnson v. Doodson Ins. Brokerage of Tex., LLC*, 1 F. Supp. 3d 776, 789 (E.D. Mich. 2014), *aff'd sub nom. Johnson v. Doodson Ins. Brokerage, LLC*, 793 F.3d 674 (6th Cir. 2015). Plaintiffs do not allege that they were specifically named in any contract

20

between Salus Group and their employers, much less that any contract included terms related to data security. *See* Compl. ¶¶ 359-65, PageID.221-22. Thus, Plaintiffs' claim fails for this reason as well. *See, e.g., Perdue v. Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 765 (C.D. Ill. 2020) (dismissing third-party beneficiary claim in data breach case because plaintiffs "must allege enough facts that identify a certain contract or provision"); *Willingham v. Glob. Payments, Inc.,* No. 1:12–CV–01157–RWS, 2013 WL 440702, at *20 (N.D. Ga. Feb. 5, 2013) (dismissing third-party beneficiary claim in data breach action and noting that "while consumers like Plaintiffs benefit from Defendant's service, they are not intended third party beneficiaries of the agreement").

### D.    Unjust Enrichment

To claim "unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc*., 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) (citing *Barber v. SMH (US), Inc*., 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)). Without an express contract, "the law will imply a contract to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Id*. Plaintiffs fail to allege these elements.

Plaintiffs allege that Salus Group benefited from "(1) using [plaintiffs'] Private Information to facilitate its business, and (2) from accepting payment for services it provided to Plaintiffs and the Class." Compl. ¶ 344, PageID.218. Plaintiffs also allege Salus Group "enriched itself by saving the costs they reasonably should have expended on data security measures to secure Plaintiffs' and [putative] Class members' Private Information." *Id.* ¶ 347, PageID.218. In *Lochridge*, the court dismissed plaintiffs' unjust enrichment claim under nearly identical allegations. 2023 WL 4303577, at *7. In doing so, the court concluded "[a] plaintiff cannot state a claim for unjust enrichment where the only benefit received was the result of a contract or agreement between the two parties, not something received directly from the plaintiff." *Id.* Likewise, the court found that plaintiff did not plead "any facts tending to show that Defendant did, in fact obtain some monetary benefit or profit from Plaintiff." *Id.*; *see also Flagstar*, 2024 WL 5659583, at *11 (dismissing Plaintiffs' unjust enrichment claim for failure to "satisfy the directness requirement").

### E.    Breach of Fiduciary Duty and/or Confidence

Beyond the absence of damages, Plaintiffs' breach of fiduciary duty claim fails on the additional basis that there is simply no fiduciary relationship between Salus Group and Plaintiffs. "A fiduciary duty arises where there is a fiduciary relationship between the parties. Familiar examples are: trustees to beneficiaries,

guardians to wards, attorney to clients, and doctors to patients. The duty arises out of the relation subsisting between two persons of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith." *Portage Aluminum Co. v. Kentwood Nat. Bank*, 307 N.W.2d 761, 763 (Mich. Ct. App. 1981).

There is no fiduciary relationship between Salus Group and Plaintiffs. And even if such a fiduciary relationship exists, no such fiduciary relationship exists with respect to a company securing the personal information of individuals. *See e.g. McKenzie v. Allconnect, Inc.,* 369 F. Supp. 3d 810, 823 (E.D. Ky. 2019) ("[T]he law does not support Plaintiffs' contention that a fiduciary relationship existed . . . in relation to securing the personal information of employees."); *Attias*, 365 F. Supp. 3d at 23 (same). Because no fiduciary relationship exists to secure information, Salus Group cannot have breached any fiduciary duty owed to Plaintiffs. *See id.*

### F.   Invasion of Privacy

Invasion of privacy is an intentional tort, and thus does not apply where, as here, the defendant is accused of negligence. Michigan law is clear that "to establish an invasion of privacy through the disclosure of private facts, a plaintiff must show that the disclosure of those facts was intentional" and that the information was communicated "to the public at large." *Henry Ford Health Sys.*, 865 N.W.2d at 920; *see also Allard v. Mich. House of Representatives*, 200 F. Supp. 3d 703, 712 (W.D.

23

Mich. 2016) ("Disclosure of private facts is an intentional tort."). Plaintiffs have not alleged—and cannot allege—that Salus Group intentionally disclosed their personal information merely because Salus Group was the victim of an email phishing incident. *See* Compl. Exs. A-D, PageID.234-241.

Plaintiffs also reference "intrusion upon seclusion," Compl. ¶ 370 PageID.223, but that tort is inapplicable under the circumstances, as it is "analogous to trespass" and "focuses on the manner in which information is obtained." *Doe v. Mills*, 536 N.W.2d 824, 833 (Mich. Ct. App. 1995); *see also Dickson v. Direct Energy, LP*, 69 F.4th 338, 345 (6th Cir. 2023) (intrusion upon seclusion requires "highly offensive" conduct).

The second Seventh Cause of Action titled "Invasion of Privacy" (there are two such claims) fails to allege a recognized invasion of privacy claim or other claim. *See* Compl. ¶¶ 380-91, PageID.224-27. To the extent it alleges a "breach of confidence," such claim should also be dismissed due to the lack of any confidential or fiduciary relationship between the parties as discussed above.

## G. Declaratory Judgment

To succeed on this claim, Plaintiffs must plausibly allege a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Saginaw Cnty., Mich. v. STAT Emergency Med. Servs., Inc.*, 946 F.3d 951, 954 (6th Cir. 2020) (internal

24

quotation omitted). And because the Act "does not change the essential requisites for the exercise of judicial power," a court must still have jurisdiction under Article III to decide the issues. *Id.* (citation omitted). Plaintiffs' declaratory judgment claim should be dismissed because Plaintiffs have not alleged facts showing that a threatened injury—such as another data breach—is certainly impending and therefore lack standing.

Even if Plaintiffs' claims were certainly impending, the claim would still fail because the Declaratory Judgment Act "does not create an independent cause of action, but rather acts as a remedy for existing cases or controversies." *Lochridge*, 2023 WL 4303577, at *8 (citation omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, Salus Group respectfully requests that its Motion to Dismiss be granted and Plaintiffs' Complaint be dismissed with prejudice.

Dated July 31, 2025                                Respectfully submitted,

                                                   *s/ Eric R. Fish*
                                                   Eric R. Fish
                                                   BAKER & HOSTETLER LLP
                                                   45 Rockefeller Plaza
                                                   New York, NY 10111
                                                   Telephone: (212) 589-4647
                                                   efish@bakerlaw.com

                                                   *Attorneys for Defendant Benefits*
                                                   *Partner, LLC d/b/a Salus Group*

**<u>Certificate of Service</u>**

I certify that on July 31, 2025, I caused the above Motion to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties registered electronically, and state that there are no non-ECF participants.

*s/ Eric R. Fish*
Eric R Fish