# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Benefits Partner, LLC*<br>*d/b/a Salus Group Litigation* | Case No. 2:25-cv-11108-LVP-APP<br><br>Hon. Linda V. Parker, U.S.D.J.<br><br>Hon. Mag. Judge Anthony P. Patti, U.S.M.J. |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

# **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................1

LAW AND ARGUMENT ..............................................................................................2

    I.    Plaintiffs Fail to Plead Article III Standing............................................2

    II.   Plaintiffs Fail to State a Claim .............................................................5

CONCLUSION ...............................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bowen v. Paxton Media Grp., LLC*,
No. 5:21-CV-00143-GNS, 2022 WL 4110319
(W.D. Ky. Sept. 8, 2022) ............................................................................. 7

*In re Cap. One Consumer Data Sec. Breach Litig.*,
488 F Supp 3d 374 (E.D. Va. 2020) ........................................................... 7

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ...................................................................................... 7

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013) .................................................................................... 4

*Dickson v. Direct Energy, LP*,
69 F.4th 338 (6th Cir. 2023) ....................................................................... 4

*Doe v. Henry Ford Health Sys.*,
865 N.W.2d 915 (Mich. Ct. App. 2014) .................................................... 5

*Doe v. Mission Essential Grp. LLC*,
No. 2:23-cv-3365, 2024 WL 3877530 (S.D. Ohio Aug. 20, 2024) ............ 3

*Dougherty v. Bojangles' Restaurants, Inc.*,
No. 3:25-CV-00065-KDB-DCK, 2025 WL 2810673
(W.D.N.C. Sept. 30, 2025) ......................................................................... 4

*Galaria v. Nationwide Mut. Ins. Co.*,
663 Fed. App'x 384 (6th Cir. 2016) ........................................................... 3

*Holmes v. Elephant Ins. Co.*,
156 F.4th 413 (4th Cir. 2025) ................................................................. 4, 7

*Hummel v. Teijin Auto. Techs., Inc.*,
No. 23-cv-10341, 2023 WL 6149059 (E.D. Mich. 2023) .......................... 6

*Kingen v. Warner Norcross + Judd, LLP*,
   No. 1:22-CV-01126, 2023 WL 11965363
   (W.D. Mich. Oct. 5, 2023)......................................................................................6

*Nat'l Ass'n of Minority Contractors, Dayton Chapter v. Martinez*,
   248 F. Supp. 2d 679 (S.D. Ohio 2002).................................................................1

*In re Numotion Data Incident*,
   No. 3:24-cv-00545, 2025 WL 57712 (M.D. Tenn., Jan. 9, 2025).........................3

*Polkowski v. Jack Doheny Cos., Inc.*,
   No. 2:25-CV-10516, 2025 WL 3079358 (E.D. Mich. Nov. 4, 2025) ..............5, 6

*Rodriguez v. CRG Lynwood LLC*,
   No.  24-11576, 2025 WL 2700614 (E.D. Mich. Sept. 22, 2025)..................3, 4, 5

*Salazar v. Paramount Global*,
   133 F.4th 642 (6th Cir. 2025) ................................................................................4

*Shepherd v. Cancer & Hematology Ctrs. of W. Mich.*,
   No. 1:22-cv-734, 2023 WL 4056342 (W.D. Mich. Feb. 28, 2023).......................2

*Town of Chester, N.Y. v. Laroe Estates, Inc.*,
   581 U.S. 433 (2017)...............................................................................................2

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021)............................................................................................2, 4

*Willingham v. Global Payments, Inc.*,
   No. 1:12–CV–01157–RWS, 2013 WL 440702
   (N.D. Ga. Feb. 5, 2013) .......................................................................................6

**Other Authorities**

Restatement (Second) of Torts § 652B....................................................................4

## **INTRODUCTION**

Using considerable hyperbole, Plaintiffs' Opposition paints a drastically different picture of the incident than what is actually alleged. This lawsuit arises from suspicious activity in *one employee's* email account for a portion of *one day*. Am. Compl. ¶ 3 & Exs. A-D, PageID.288, 398-405. The forensic investigation "was unable to determine which emails, *if any*, were viewed by the unauthorized person," and there was no evidence that any personal data was stolen. *Id.* Yet, as a precaution, Salus Group notified individuals whose personal information was found in the email account. *Id.* This lawsuit is thus a result of the notification process, as opposed to any actual injury.

Despite their unsubstantiated arguments to the contrary, Plaintiffs have not alleged Article III standing because they do not adequately allege their personal information was targeted, actually viewed, or obtained by a criminal hacker. Plaintiffs state repeatedly in their Opposition that their data was "misused," but such assertions contradict the Notice Letters attached to the Amended Complaint.[1] Regardless of standing, Plaintiffs' Opposition fails to demonstrate they have adequately stated any claim. Because Plaintiffs fail to overcome the factual and legal

---

[1] *See Nat'l Ass'n of Minority Contractors, Dayton Chapter v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002) ("[I]f a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document.") (citation omitted).

1

deficiencies in their Amended Complaint, the Court should dismiss Plaintiffs' claims in their entirety with prejudice.

## LAW AND ARGUMENT

### I. Plaintiffs Fail to Plead Article III Standing

"Standing is not dispensed in gross." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017) (quotation omitted). Rather, each plaintiff must demonstrate he or she has standing, and "every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Plaintiffs' Opposition tacitly concedes that neither Plaintiff Orosco nor Plaintiff Wagner allege *any* injury-in-fact, as they are not mentioned beyond the introduction. And while Plaintiffs briefly state that Plaintiff Stacho "spent several hours" in response to the email incident, Opp. at 4, PageID.465, courts consistently hold that lost time, untethered from an actual injury, cannot create standing. *See Shepherd v. Cancer & Hematology Ctrs. of W. Mich.*, No. 1:22-cv-734, 2023 WL 4056342, at *6 (W.D. Mich. Feb. 28, 2023). In other words, only Plaintiff Tilger argues he has suffered injury—alleging his personal information appeared on the dark web in August 2025. But even those allegations are insufficient, as the purported discovery took place *ten months* after the email incident and in response to a Motion to Dismiss. And despite Plaintiffs' allegations regarding the thousands of recent data security incidents, *see* Am. Compl. ¶¶ 115-17, PageID.319-

2

21, Plaintiff Tilger notably does *not* allege that this incident is the only manner in which his information could have made it to the dark web. Plaintiff Tilger therefore fails to plausibly allege traceability in his quest to manufacture standing.

Plaintiffs rely heavily on the recent case of *Rodriguez v. CRG Lynwood LLC*, No. 24-11576, 2025 WL 2700614 (E.D. Mich. Sept. 22, 2025), but that case is distinguishable. Opp. at 6-8, PageID.467-69.[2] In *Rodriguez*, plaintiff alleged that his information was both accessed and *acquired*. *Id.* at *3. Plaintiffs here cannot allege that their PII was actually acquired because that would be contrary to the Notice Letters. Am. Compl. ¶ 3 & Exs. A-D, PageID.288, 398-405.

Application of the *Rodriguez* standing decision to the facts alleged here also would be contrary to Supreme Court precedent. In finding an injury-in-fact, the court

---

[2] Plaintiffs also incorrectly argue that *Doe v. Mission Essential Grp. LLC,* No. 2:23-cv-3365, 2024 WL 3877530 (S.D. Ohio Aug. 20, 2024), is inapposite. Opp. at 10, PageID.471. In *Mission*, the court distinguished its facts from those in *Galaria v. Nationwide Mut. Ins. Co.*, 663 Fed. App'x 384 (6th Cir. 2016), finding plaintiffs in *Galaria* alleged their data was actually stolen and in the hands of criminals, whereas there was no such allegation of data acquisition in *Mission*. *Mission*, 2024 WL 3877530, at *5. Like *Mission*, Plaintiffs here do not—and cannot—allege that their data was stolen. Similarly, Plaintiffs' contention that Salus Group "relies on a misreading of *Numotion*" is incorrect. Opp. at 11, PageID.472. In *In re Numotion Data Incident*, No. 3:24-cv-00545, 2025 WL 57712 (M.D. Tenn., Jan. 9, 2025), plaintiffs asserted they suffered "present and future mitigation costs incurred in dealing with the imminent risk of identity theft and the unauthorized use of their data." *Id*. at *3. The court rejected this generalized allegation, finding it was not "concrete" and "particularized." *Id.* Here, too, the Court should reject Plaintiffs' generic and manufactured out-of-pocket costs.

3

in *Rodriguez* cited to the Supreme Court's *TransUnion* analysis that briefly mentioned the privacy torts of intrusion upon seclusion and public disclosure of private facts. 2025 WL 2700614, at *4 (citing 594 U.S. at 425). The *Rodriguez* court therefore determined the data incident was akin to an intrusion upon seclusion claim. *Rodriguez*, 2025 WL 2700614, at *4. In their traditional form, however, privacy tort harms hold liable *the individual* who intruded on their seclusion or distributed their information. *See, e.g.*, Restatement (Second) of Torts § 652B. This was true in *TransUnion*, where plaintiffs alleged the *defendant* intentionally distributed their credit reports. *TransUnion*, 594 U.S. at 417. The Sixth Circuit standing decisions upon which *Ramirez* relied also involved intentional acts. *See Salazar v. Paramount Global*, 133 F.4th 642, 645 (6th Cir. 2025) (disclosure of browsing history); *Dickson v. Direct Energy, LP*, 69 F.4th 338, 342 (6th Cir. 2023) (automated phone calls).

On the other hand, Salus Group did not intentionally disclose Plaintiffs' information. This Court should thus decline to apply *Rodriguez's* reasoning. Otherwise, anyone whose data was involved in a data incident such as this one could claim standing, regardless of whether they were actually harmed. *See Holmes v. Elephant Ins. Co.*, 156 F.4th 413, 433 (4th Cir. 2025) (a plaintiff "cannot 'manufacture standing' by resort[ing] to a theory that would permit standing in every case.") (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402 (2013)); *Dougherty v. Bojangles' Restaurants, Inc.*, No. 3:25-CV-00065-KDB-DCK, 2025

4

WL 2810673, at *2 (W.D.N.C. Sept. 30, 2025) ("Plaintiffs must allege more than the fact of the Data Breach and the potential threat of resulting damages.").

As Plaintiffs have failed to allege more than the fact of a data breach, the Amended Complaint must be dismissed for lack of Article III standing.

**II.     Plaintiffs Fail to State a Claim**

Despite Plaintiffs' argument to the contrary, their tort and contract claims fail because they have not alleged damages based on present injuries. *Doe v. Henry Ford Health Sys.*, 865 N.W.2d 915, 921 (Mich. Ct. App. 2014). In the recent case of *Polkowski v. Jack Doheny Cos., Inc.*, No. 2:25-CV-10516, 2025 WL 3079358 (E.D. Mich. Nov. 4, 2025), this Court rejected similar claims involving PII allegedly published on the dark web, finding "Michigan courts reject such an injury where the plaintiff does not allege a present injury to "credit or identity." *Id.* at *8 (dismissing plaintiff's claims for negligence, negligence *per se*, breach of fiduciary duty, breach of implied contract, and invasion of privacy claims for failure to allege a present cognizable injury); *see also Rodriguez*, 2025 WL 2700614, at *7-8 (dismissing negligence claim for failure to allege physical injury). Like *Polkowski*, Plaintiffs' tort and contract claims should be dismissed for failure to allege a present injury.

Plaintiffs' argument that they have sufficiently alleged a causal connection between the email incident and their alleged injuries ignores a critical fact in the pleadings: Plaintiffs cannot allege that their data was actually acquired by an

5

unauthorized third party. Nor can Plaintiffs' negligence claim survive on a "delayed notice" theory because they have not alleged that the purported delay caused a present, compensable injury. *See Polkowski*, 2025 WL 3079358, at \*9.[3]

Plaintiffs' implied contract argument is improperly premised on a direct employee/employer relationship. Opp. at 21, PageID.482. But *there is no contractual privity* between Plaintiffs and Salus Group. Plaintiffs also cannot point to Salus Group's privacy policy, as such allegations are wholly conclusory and fail to allege the terms or mutual assent. *See Kingen v. Warner Norcross + Judd, LLP*, No. 1:22-CV-01126, 2023 WL 11965363, at \*6 (W.D. Mich. Oct. 5, 2023), *reconsideration denied, motion to certify appeal granted*, No. 1:22-CV-1126, 2023 WL 11960672 (W.D. Mich. Nov. 29, 2023). Plaintiffs' third-party beneficiary claim likewise fails because Plaintiffs have not alleged sufficient facts to identify the contracts they allege were breached, much less that they were intended third-party beneficiaries of those contracts. *See, e.g., Willingham v. Global Payments, Inc.*, No. 1:12–CV–01157–RWS, 2013 WL 440702, at \*20 (N.D. Ga. Feb. 5, 2013).

Plaintiffs' unjust enrichment argument that they "directly conferred benefits on Salus [Group]" by paying for services is also untenable because Plaintiffs did not

---

[3] Plaintiffs' reliance on *Hummel v. Teijin Auto. Techs., Inc.*, No. 23-cv-10341, 2023 WL 6149059 (E.D. Mich. 2023) is unpersuasive. The *Hummel* court did not address Michigan's present injury requirement.

6

pay Salus Group. Opp. at 23, PageID.484. Instead, Salus Group performed a service for Plaintiffs' *employers*. The cases Plaintiffs rely upon are inapposite because those cases contain a direct relationship between the parties. *See, e.g., Bowen v. Paxton Media Grp., LLC*, No. 5:21-CV-00143-GNS, 2022 WL 4110319, at *1 (W.D. Ky. Sept. 8, 2022) (brought by employees); *In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F Supp 3d 374, 412 (E.D. Va. 2020) (brought by customers).

Finally, Plaintiffs' generic allegations that Salus Group's data security is "inadequate and unreasonable" and may result in "a second data breach," Am. Compl. ¶¶ 370, 373, PageID.392, are insufficient to establish standing for injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983); *see also Holmes*, 156 F.4th at 433 (finding nearly identical allegations gave the court "no reason to think . . . that hackers would target [defendant] again, specifically, as opposed to other companies that have recently suffered data breaches").

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Salus Group's moving papers, Salus Group respectfully requests dismissal of the Amended Complaint with prejudice.

Dated: November 24, 2025                     Respectfully submitted,

                                              s/ Eric R. Fish
                                              Eric R. Fish
                                              *One of Defendant's Attorneys*

7

## Certificate of Service

I certify that on November 24, 2025, I caused the above Reply Brief to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties registered electronically, and state that there are no non-ECF participants.

*s/ Eric R. Fish*
Eric R Fish