**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| *In re Benefits Partner, LLC d/b/a Salus Group Litigation* | Case No. 2:25-cv-11108-LVP-APP <br><br> Hon. Linda V. Parker <br><br> Hon. Mag. Judge Anthony P. Patti |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN
FURTHER SUPPORT OF PLAINTIFFS'
<u>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiffs, Janine Orosco, Arthur Wagner, Preston Tilger, and John Stacho ("Plaintiffs") respectfully submit this Notice of Supplemental Authority in Further Support of Plaintiffs' Opposition (ECF No. 22) to Defendant's Motion to Dismiss Plaintiffs' Consolidated Complaint (ECF No. 21).

In further support of Plaintiffs' opposition to Defendant's arguments regarding Plaintiffs' purported failure to state a claim for Plaintiffs' claims, Plaintiffs submit the attached recently-issued decision from Judge Paul L. Maloney in *In re Manpower of Lansing, MI, Inc., Data Breach Litig.*, No. 25-cv-00956 (W.D. Mich. Mar. 19, 2026). Attached as **Exhibit A** hereto.

On March 20, 2026, Defendant submitted a Notice of Supplemental Authority, in which Defendant presented to the Court a recent court decision – *In re*

1

*Grede Holdings LLC Data Breach Litig.*, No. 25-cv-10831, 2026 WL 396292 (E.D. Mich. Feb 12, 2026). ECF No. 24.

In a similar data breach action with similar allegations as those here, days ago, the Court in *Manpower* declined to dismiss the plaintiffs' negligence claim, while directly addressing and rejecting the findings of the *Grede* Court. *See Manpower*, at p.12 ("The Court is thus not persuaded by the contrary reasoning in Grede.").

The *Manpower* Court found that the plaintiffs there, as the Plaintiffs do here, alleged cognizable injuries for standing purposes. *See Manpower* at p.11 (citing *In re Flagstar Dec. 2021 Data Sec. Incident Litig.*, No. 22-cv-11385, 2024 WL 5659583, at *5 (E.D. Mich. Sep. 30, 2024) & *Dickson v. Direct Energy, LP*, 69 F.4th 338, 345-46 (6th Cir. 2023)). The Plaintiffs in *Manpower*, as here,

> allege that the spam increased after the data breach and that they are presently dealing with it, so it is not solely a future injury. The Court finds that this is sufficient to constitute a present injury. The purposes of the requirement for present injury are to provide brightline rules regarding which plaintiffs have actually experienced an invasion of their rights and to avoid situations where courts must make determinations about what risks are high enough to constitute injuries. Finding that the present experience of increasing spam communications constitutes a present injury complies with the rule as articulated in *Henry* and with its purposes. Plaintiffs have experienced some actual invasion of their rights and the Court need not assess whether any level of risk is sufficient.

*Id.*, at p.11 (citing *Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 689-91 (Mich. 2005)).

The *Manpower* Court found that "*Grede* reads too much into a line from

*Polkowski*[1]" and that, in fact, "there is no rule that the only allowable injuries in data breach cases must fit a strict category of identity theft or fraud." *Manpower*, at p.12. The *Manpower* Court further highlighted though that "the lines about injury to credit or identity and actual identity theft were merely examples of possible actual injuries flowing from the release of personal information on the internet which the plaintiffs had not alleged; there is no indication that they were meant to be exhaustive lists of legally acceptable injuries." *Id.*, at p.12 (citing *Doe v. Henry Ford Health Sys.*, 865 N.W.2d 915, 921 (Mich. Ct. App. 2014); *Polkowski*, 2025 WL 3079358, at \*8).

Here, as in *Manpower*, "all Plaintiffs allege that they have suffered from the increase in spam, so all Plaintiffs adequately allege an injury." *Manpower*, at p.12. Additionally, here, Plaintiffs allege misuse of the Private Information (dissemination of Social Security number on dark web) and out-of-pocket costs for guard against fraud and identity theft. As in *Manpower*, Plaintiffs here allege "facts connecting data breaches to increases in spam communications." *Id.*, at p.13. Again, as here, "Plaintiffs also allege that access to a social security number, one of the types of PII at issue here, is sufficient to enable thieves to steal money from a bank account." *Id.*, at p.14. The *Manpower* Court thus found that Plaintiffs "need only allege enough factual matter to establish a plausible theory of liability. The allegations that

---

[1] Citing *Polkowski v. Jack Doheny Cos.*, No. 2:25-cv-10516, 2025 WL 3079358, at \*8 (E.D. Mich. Nov. 4, 2025).

criminals generally use PII to conduct spam-based attacks or provide PII to scammers using spam communications plausibly suggest that the increased spam communications would not have happened but for the data breach. Plaintiffs thus all alleged an injury and a plausible theory of causation." *Id.*, at p.14.

Dated: March 23, 2026

Respectfully submitted,

By: */s/ Gregory A. Mitchell*
E. Powell Miller (P39487)
Gregory A. Mitchell (P68723)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
gam@millerlawpc.com

Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
raina@straussborrelli.com

*Interim Class Counsel for Plaintiffs
and the Proposed Class*

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Leigh S. Montgomery

4

Texas Bar No. 24052214
lmontgomery@eksm.com
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (888) 350-3931


Gary M. Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
T: 866.252.0878
gklinger@milberg.com

Nathan J. Fink
**FINK BRESSACK**
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
nfink@finkbressack.com

Sean Short
Arkansas Bar No. 2015079
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
sean@sanfordlawfirm.com

*Additional Counsel for Plaintiffs and  the
Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I  hereby certify that on March 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record, below, via the ECF system.

By: */s/ Gregory A. Mitchell*
Gregory A. Mitchell